[Crim. No. 349.   Fourth Appellate District.—June 17, 1937.]

THE PEOPLE, Respondent, v. BYRON YOUNG, Appellant.

424

Raymond E. Hodge for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was accused by information duly filed in the Superior Court of San Bernardino County with the crime of manslaughter. On arraignment he pleaded that he was not guilty of the offense with which he was charged. Thereafter he was tried before a jury selected for the purpose. The trial resulted in the return of a verdict finding him guilty of the crime. He then moved for a new trial. This motion was denied and judgment was pronounced against him. From the judgment thus rendered and from the trial court's order denying his motion for a new trial defendant appeals.

The single point relied upon by appellant as ground for reversal of the judgment and order is that he was unjustly deprived of his constitutional right to a fair trial before an impartial jury. This contention is based upon the trial court's action in proceeding with the trial after certain disclosures were made to said court by a member of the jury which had been selected and sworn to try the cause and before any evidence was received. Proper consideration of

the contention requires some reference to the transcript on appeal.

The record shows that the entire panel from which a trial jury was to be selected was duly sworn to answer questions that might be put to the members thereof regarding their qualifications to serve as trial jurors. A. B. Drake was a member of this panel. The trial court then briefly explained the nature of the case and directed to the panel generally several questions designed to elicit information as to whether or not any member of the panel had any knowledge of the occurrence in which appellant had participated and which resulted in the charge of manslaughter being made against him. Drake made no response indicating that he possessed such knowledge. Twelve names were then drawn for further examination. Among the names drawn was that of Drake. Appellant's counsel thereupon directed certain inquiries to each one of the prospective jurors. At no time during this examination did Drake make any statement indicating that he had any knowledge of the automobile collision which resulted in the information being filed against appellant. After the examination for cause had been completed by both sides and a number of peremptory challenges had been exercised both by the prosecution and by appellant 12 persons were selected and sworn to serve as trial jurors. Among the persons thus chosen was A. B. Drake. The deputy district attorney who had charge of the prosecution then briefly addressed the jury, stating what he expected the evidence to be produced during the trial would show. Upon the termination of this opening address the juror A. B. Drake for the first time apprised court and counsel that he remembered reading about the accident and that he had been present at the scene of the accident shortly after its occurrence. Appellant's counsel inquired of Mr. Drake whether or not he entertained a fixed opinion, presumably as to appellant's guilt or innocence. To this Drake replied: "I am afraid I would." The court then directed to the juror the following inquiry: "Do you think you would be able to set it aside and disregard any impression you may have received?" Drake replied that he would try to do so. Whereupon the court said: "You are the only one that can say whether you would do it or not." Before Drake made any response to the court's suggestion appellant's counsel pro-

pounded to him the following question: "But you do have a more or less fixed opinion now?" To this inquiry Drake returned an affirmative answer. Apparently a recess was then taken and a consultation took place between the court and counsel in the absence of the jury. The record contains no showing of what occurred at this consultation. At the conclusion of the recess the court directed the prosecution to proceed with the trial. A witness was then called and was sworn and examined. When this witness had concluded his testimony the usual noontime recess was ordered. When court reconvened at 2 o'clock P. M. appellant's counsel, Mr. Hodge, obtained permission to approach the judge's bench in company with the deputy district attorney and the following colloquy ensued: "Mr. Hodge: May it be understood that I do not acquiesce or consent to proceeding with this jury as it is now constituted. Mr. Kavanaugh: Do you wish to make a formal objection or anything? Mr. Hodge: I think that is all right. The Court: Very well, call your next witness." The record fails to show that any complaint or objection other than as above indicated was made by appellant's counsel and the trial proceeded to a conclusion unfavorable to appellant. Presumably, although the record fails to show it, appellant contended that he had not obtained a fair trial by an impartial jury in support of his motion for a new trial. In any event, the motion was denied and judgment was pronounced against him.

Appellant urges that it is obvious that the trial jury was not impartial since one of its members definitely declared that he entertained a fixed opinion with regard to the case and it must be assumed that the verdict of conviction conformed to the fixed opinion of this juror. It is maintained that when it was disclosed that the juror, Drake, possessed such an opinion the trial court should have discharged him and if necessary should have ordered a special venire to be summoned from which a juror to take Drake's place could have been obtained and that the court committed error prejudicial to appellant in proceeding with the trial as it did. It is further urged that appellant's counsel was not required to present formal objection to proceeding with the trial under the peculiar circumstances which obtained, since it is apparent that such objection would have been futile and would have merely served to prejudice appellant in the minds of the jury.

The contention thus advanced is, in our opinion, untenable. The existence of a state of mind on the part of a juror with reference to a case or to a party thereto which will prevent him from acting with entire impartiality and without prejudice to the substantial rights of a party is denominated actual bias and is a particular ground of challenge for cause. (Sec. 1073, Pen. Code.) The ground of a challenge for actual bias must be alleged and it is expressly provided that the formation or expression of an opinion by a prospective juror upon the cause to be submitted which is based upon public rumor, common notoriety, or statements in publications shall not constitute a disqualification of the person having or expressing such opinion provided it is made to appear to the court that notwithstanding such opinion such person will act fairly and impartially upon matters to be submitted to him. (Sec. 1076, Pen. Code.) It is apparent that the trial court in this action attempted to discover whether or not Drake felt that he could set aside and disregard any impression of the case which he had theretofore received and determine fairly and impartially such questions as might be submitted to him but was prevented from making complete discovery by the insistence of appellant's counsel in demonstrating that the juror entertained a fixed opinion relative to the case. It is entirely possible that, if Drake had been permitted to respond to the court's suggestion that he alone could tell whether he felt that he would or would not be able to disregard any impression he had received of the case, a reply might have been made which would have indicated that this juror, notwithstanding the fixed opinion which he had admittedly formed, would nevertheless act fairly and impartially in determining such matters as would be submitted to him.

In any event, it is conceded that appellant made no objection to Drake's retention as a trial juror. The declaration of appellant's counsel that he did not consent or acquiesce in proceeding with the trial before a jury of which Drake was a member did not amount to an objection. When asked point blank whether or not he wished to make formal objection counsel replied ''I think that is all right.'' Just what he meant by this ambiguous statement is not clear. Presumably he meant that in his opinion he had gone far enough in directing the trial court's attention to the fact that he

did not consent to proceeding with the trial before the jury as it was then constituted. Nevertheless, the trial court was entitled to be apprised definitely whether or not a formal objection to proceeding with the trial was being submitted by appellant. The argument that such an objection would have been futile and would have served merely to prejudice appellant in the eyes of the jury is not impressive. The futility of presenting the objection is not manifest and it could have easily been made without the presence of the jury and thereby the possibility of an unfavorable impression being derived by the jury could have been obviated.

It is the general rule that an objection to a juror which is a good cause of challenge must be seasonably made or it will be deemed to have been waived and that the rule is applicable if the ground of objection is known to the complaining party at the time the jury is impaneled or is discovered during the progress of the trial. (15 Cal. Jur., p. 357, sec. 30; 35 C. J., p. 364; *Riley* v. *Davis,* 57 Cal. App. 477, 484 [207 Pac. 699].) Application of this rule to the facts disclosed by the record on appeal impels the conclusion that appellant's contention is devoid of merit and is therefore not sustainable.

Furthermore, even if it be conceded for the sake of argument that the statement of appellant's counsel to the effect that he did not consent or acquiesce in the proceeding with the trial before the jury as then constituted may be considered as an objection to the juror, Drake, and that the trial court erred in failing to sustain the objection and in ordering the trial to proceed it does not follow that the judgment and order from which this appeal has been taken must be reversed because of such error. To achieve such a result it must be declared that the error thus assumed to have been committed was prejudicial to appellant. (Constitution of Calif., sec. 4½, art. VI; *People* v. *O'Bryan,* 165 Cal. 55 [130 Pac. 1042]; *People* v. *Nakis,* 184 Cal. 105 [193 Pac. 92]; *People* v. *Galloway,* 202 Cal. 81, 92 [259 Pac. 332]; *Riley* v. *Davis,* 57 Cal. App. 477 [207 Pac. 699]; *Mast* v. *Claxton,* 107 Cal. App. 59, 67 [290 Pac. 48]; *People* v. *Davidian,* 20 Cal. App. (2d) 720 [67 Pac. (2d) 1085].) Examination of the entire record herein has produced a settled conviction that the verdict of guilt was proper and that no miscarriage of justice was accomplished by the court's action in failing

to sustain appellant's objection and in ordering the trial to proceed.

For the reasons stated herein the judgment and order from which this appeal has been taken are affirmed.

Barnard, P. J., and Marks, J., concurred.